## Magen *v.* Gardiner, Appellant.

Argued October 6, 1930. Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Earle Hepburn,* for appellant.

*E. Moss* of *Moss & Moss,* for appellee.

OPINION BY TREXLER, P. J., December 27, 1930:

The defendant was engaged in building eight houses and ordered from the plaintiff, who was in the hardware business, a great number of articles, enumerated in the schedules attached to his statement. He alleges that all the articles were delivered as agreed upon and that among the buildings to be constructed were three houses on Sabine Avenue, Wynnewood, Pennsylvania, for which the hardware was to be furnished for the sum of $750; that the defendant had paid $150, leaving $600 for which suit is brought.

The defendant, in his affidavit in effect admits that he ordered the articles appearing in the schedule. He, however, claims that he has paid the entire balance due to the plaintiff; that on August 1, 1926, the plaintiff submitted to the defendant a statement showing the entire amount due and that the balance then struck was $551.94, which the defendant paid and has a receipt for it reading: "August 30, 1926. In full for balance due up to and including invoice, July 19, 1926."

At the trial, it appeared, according to plaintiff's version, that about a year after this receipt in full was given the plaintiff ascertained that there was

$600 more due him than appeared in the statement and accordingly this amount was for the first time charged against the defendant, the failure to charge the defendant being an oversight. The court tried the case without a jury and realizing that the investigation of the items in plaintiff's account would require some time and labor, suggested that an accountant be called in. There was an extended colloquy of which we quote a portion:

"The Court: The papers are right here and it would not take an accountant ten minutes to go over them. You go over them, and then if you have a question of fact I will pass on it, but really you don't want me to go into this itemized account, do you?"

"Mr. Moss: I see it will be foolish to ask you to do that."

"The Court: I will say this to you, if you agree upon an accountant to go over them, it won't take him over a half an hour to go over them, or an hour, and then, if you have a question of fact you want me to determine with relation to this note for instance, whether there was a receipt in full or something of that sort, I shall be very glad to hear you, and then we will have at least a scientific determination of the fact and not a lot of hodge-podge about the way they used to do it."

The matter was postponed until a later date and was then heard. After some testimony was introduced which did not clarify the situation, the plaintiff stated: "If the court please, I will offer in evidence this statement of the accountant. Of course whether your Honor thinks it is evidence or not, I do not know." It was admitted over the objection of defendant's counsel the court saying, "I will give you an exception, because I will be consistently wrong, because, under my suggestion this was done, and I want to examine those figures and I will look at them."

There is no doubt if the accountant's report was to be received as verity, plaintiff was entitled to recover the $600, for which he brought suit. We, however, think its reception was error. The submission of the matter to the accountant at the suggestion of the court was not made in such a manner as to bind either party to the correctness of the report. What the accountant found in the books was not evidence.

The plaintiff's books were not offered in evidence, but evidently were in court. The accountant's report could be of great service in sifting the testimony, but was not self-sustaining. All the plaintiff was required to prove was that the balance of $600 was not included in settlement of August when the receipt in full was given. If he shows a mistake, the law would relieve him from the prima facie of the receipt. He must, however, show it by competent proof. The defendant, having in substance admitted the receipt of the goods, the plaintiff could prove the price of the same and applying the admitted credits, show what the balance due and owing was. This he has failed to show. This was the only question submitted to us on appeal.

The judgment is reversed with a new venire.